### GEORGE v. THOMPSON.

(Court of Appeals of District of Columbia. Submitted October 25, 1922. Decided December 4, 1922.)

No. 3806.

1. Bills and notes ⬳60—Evidence held to show plaintiff's blank check was used by defendant for intended purpose.

Where plaintiff, on accompanying his daughter to defendant's school, where her mother had made a contract for her entrance, gave to his daughter a check in which the name of the payee and the amount was left blank, but which stated on the margin that it was for the daughter for tuition, etc., and plaintiff and the daughter both testified the check was to be used for paying the daughter's tuition and expenses, the defendant was not guilty of using the check for a purpose not intended, when he filled in his name as payee and filled in the amount specified by the contract as the initial payment and cashed the check.

2. Payment ⬳89(5)—Evidence plaintiff did not know terms of wife's contract on which he made payment properly excluded.

Where a wife had made a contract for her daughter's education, intending to pay therefor from her separate estate, but the husband gave a blank check to the daughter, to be used in paying for her tuition, as a matter of convenience to his wife, who did not have her check book with her, evidence that the husband did not know the terms of the wife's contract with the school, whereby no portion of the initial payment would be returned, was inadmissible in an action by him to recover the amount of the check after the daughter had been called away from the school by her mother's death.

3. Payment ⬳82(1)—By husband of amount due on wife's contract does not entitle him to contest it.

A contract made between a wife and the proprietor of a school for the education of a daughter can be contested only by those in privity to it, and the fact that the husband made a payment thereon for the convenience of his wife does not establish any privity between him and the school which entitles him to contest the contract, so as to recover such payment.

Appeal from the Supreme Court of the District of Columbia.

Action by William T. George against Edward W. Thompson. Judgment for defendant on a directed verdict, and plaintiff appeals. Affirmed.

T. L. Jeffords and E. C. Dutton, both of Washington, D. C., for appellant.

William Gilchrist, of Washington, D. C., for appellee.

Before SMYTH, Chief Justice, ROBB, Associate Justice, and MARTIN, Judge of the United States Court of Customs Appeals.

MARTIN, Acting Associate Justice. In this case a declaration was filed in the Supreme Court of the District of Columbia, whereby the plaintiff, William T. George, demanded judgment against the defend-

ant, Edward W. Thompson, in the sum of $460 and interest. For his cause of action the plaintiff alleged that on October 10, 1918, his daughter presented herself at the young ladies' seminary conducted by the defendant, for the purpose of becoming a pupil therein; that she had in her possession at the time, with the knowledge and consent of plaintiff, a check in blank, signed by the plaintiff "for her proper use, subject to the approval of plaintiff and his control"; that, owing to the sudden death of the plaintiff's wife, his daughter left the seminary without becoming a pupil, but that before the defendant would permit her to leave the seminary he induced and persuaded her, and insisted, that she give him the said check; that she gave the check to defendant, and he filled it out for the sum of $460, and cashed and collected it; that plaintiff was not indebted to defendant in any sum, and never authorized him to fill out the check for any amount, and never authorized his daughter or any one else to fill out the check for that amount or any other amount, "except for a proper purpose and at a proper time, and subject to the approval of the plaintiff, and never for the purposes for which it was filled out and used"; that the defendant collected the sum of $460 upon the check without any right or authority so to do, thereby becoming indebted to plaintiff in that sum, for which he prayed judgment.

The defendant filed a general denial, and the issue thus joined was put upon trial to a jury. At the conclusion of the evidence the court directed a verdict for the defendant. Exceptions were duly taken by the plaintiff, and the entire record is now before us for review.

The relevant facts in the case were established by the testimony beyond dispute, and are as follows:

On July 5, 1918, the plaintiff, together with his wife and daughter Mary, was living in the state of West Virginia; while the defendant was engaged in conducting a young ladies' seminary in the city of Washington. The plaintiff's wife was possessed of an estate in her own right, and assumed the expense of the daughter's education. On the day above named she sent a written application signed by herself as parent, directed to the defendant, requesting the admission of her daughter as a pupil at his seminary for the school year beginning October 10, 1918. A deposit of $25 was forwarded with the application, and a room was engaged at the price of $750. The application contained an acknowledgment that the applicant had read the school catalogue, and understood the conditions, terms, and regulations upon which pupils were accepted, and that she considered herself bound by them. Annexed to the application was a stipulation to the effect that pupils would be received for the full school year only, or for such part thereof as might remain on entrance; that no reduction would be made on account of absence or withdrawal; that one-half of the annual charges, including extras, should be payable on the first day of the school year, and the balance on the 1st of January following; and that in case of inability of the pupil to enter, the deposit would be returned, if notice were given before September 1st.

The application was accepted by the defendant, and in accordance therewith the plaintiff's daughter presented herself on October 10th as

a pupil at the school. She brought with her a bank check, which her father had signed and handed to her, in which, however, the spaces for the payee's name and the amount payable were left in blank. The check bore the following notation, written upon its face by the plaintiff, to wit: "For Mary G. George—Tuition, etc." The check was delivered by the daughter to the defendant, who in her presence and with her knowledge wrote therein his own name as payee, and $460 as the amount payable. That sum represented the amount then due for tuition, etc., according to the stipulations of the accepted application. The check was in due course paid by the bank upon which it was drawn. The plaintiff did not meet the defendant personally in the transaction, nor was he a party to the application or the contract.

The parents of the young lady accompanied her to Washington on October 10th, but they left immediately to return to their home in West Virginia. On the journey home the mother suddenly died, and notice of this was sent immediately to the daughter at school. As a result of this bereavement she left the school on the second day after entering it, notifying the defendant at the time that she would not return; and in fact she never returned to the school, her presence being required at home because of her mother's death.

Thereupon the plaintiff applied to the defendant for the return of the $460 collected by him upon the check, or for a part thereof, and when that was refused he commenced the present action.

At the trial below, the plaintiff's daughter Mary was called as a witness by the plaintiff, and among other things testified, in substance, that her father had given her the blank check, saying it was "to start school on"; that the amount was left in blank, because they were uncertain what it should be until she could come to the school and consult with the defendant about the school courses; and that, when she came to the school, she went down to the office of the defendant, and then gave him the check, and he filled it out. She watched him fill it out, and thinks she knew the amount written into it by him.

The plaintiff was a witness in his own behalf at the trial and explained the circumstances surrounding the check as follows:

"Mrs. George had previously had some communication about placing this daughter in school, and had put up a deposit of $25, and had made some arrangements; but I did not know anything about what they were, and the only thing I ever had to do with it was to give my daughter this check, as a matter of convenience, at the time, as Mrs. George did not happen to have her check book with her, or something of the kind. I do not remember now. Mrs. George controlled the schooling of the daughters. She had a separate estate of her own, and she sent them to school. * * * I simply gave this check as a matter of convenience, because Mrs. George did not have her check book with her, and she asked me to make the check, so that, if the school did hold her up, she would have money."

Furthermore, at the trial the plaintiff's counsel made a tender of testimony in the following words:

"Mr. George wishes to show that he had heard and knew that there were arrangements being made about going to school, but he did not know anything about a contract or the terms of any contract, and that, if he had, he would not have ever given a check like this to his daughter. In other words, if he had known the provisions in that catalogue which has been offered in evi-

dence, and in those circulars, and those other things which resemble an insurance policy in some respects, if he had known all of those things, he would not have given this check, or any other check, to his daughter, and that she had no authority, and he did not intend to give her any authority, to use a check under such contract."

The court refused to admit the testimony thus offered, and that ruling, together with other questions concerning the admissibility of testimony, and also the order directing a verdict for the defendant, are now assigned as errors.

[1] We think that the evidence in the case, even when construed most favorably for the plaintiff, distinctly disproves the plaintiff's charge that the check was used in an unauthorized manner or for an excessive amount, or that it was wrongfully cashed and collected.

The plaintiff, it is true, was not a party to the contract for his daughter's schooling, nor did he become indebted for the costs and expenses thereof. The wife alone was liable for them, and the defendant could not have enforced the terms of the contract against the plaintiff, so long as they remained executory. Nevertheless the plaintiff delivered his blank check to his daughter, to be used by her as a substitute for his wife's check in the transaction; and this act necessarily implied that the check was to be delivered to the defendant for the amount then due to him from the wife in the premises. The notation upon the check, to wit, "For Mary G. George—Tuition, etc.," confirms this view, for that was the only restriction imposed upon the use of the blank check when it was handed to the daughter. The check could not serve as a means of paying tuition, etc., without delivery to the defendant, and in the exercise of good faith and reasonable prudence the defendant was entitled under the circumstances to accept the notation as authority for the delivery of the check to him for the amount then due for the "tuition, etc.," of the plaintiff's daughter.

The check accordingly was actually used for its prescribed purpose, and the fact that the plaintiff failed to inform himself under the circumstances of the amount for which the check would be filled out when applied to its intended use, is wholly immaterial. It was not applied to any other use than that to which it was restricted by the notation, nor was it collected for any sum whatever in excess of the amount then due and payable by plaintiff's wife upon her contract with the defendant. Nor is it correct to say that the check was held by the daughter "subject to the approval of the plaintiff, and his control," as claimed in the declaration.

It was, of course, a hardship that the plaintiff's daughter should be compelled to leave the school almost immediately after making payment for the full term's expenses. But this did not result from any default of the defendant, and it was a contingency against which the defendant had protected himself by the provision in the contract that no reduction would be made on account of absence or withdrawal. Such a provision was not unreasonable, and certainly was not unlawful. Furthermore, it should be noted that her withdrawal from the school was not because of an actual inability upon her part to continue as a pupil, but simply because it had become more convenient and desirable for her to remain at home.

[2, 3] We conclude accordingly, without discussing the assignments of error in detail, that the trial court was right in rejecting the tendered testimony of the plaintiff relative to his lack of knowledge concerning the amount of the charges, and as to what his conduct would have been if he had been informed of it, and also in directing a verdict for the defendant. Nor do we see how the plaintiff can recover from the defendant any part of the payment thus made, upon a claim that it was not fully earned by the defendant under the circumstances. For the sum thus paid was fully due according to the contract, and furthermore there was no privity between the plaintiff and the defendant, such as would give the plaintiff standing in an action to recover for an alleged noncompliance with the contract upon the part of the defendant. For the rights assured by the contract were not vested in the plaintiff, but in his wife, and the fact that the plaintiff paid her indebtedness under the contract as a matter of convenience between themselves did not have the effect of making him a party to the contract, nor of establishing any privity between the plaintiff and defendant thereunder.

The judgment below is accordingly affirmed, with costs.

Affirmed.